(Chief Justice Williams taking the place of Judge Cox.)

TEDTMAN V. HANCOCK.

WORDS THAT CONSTITUTE PRIMA FACIE ACTIONABLE SLANDER.

To say to, and of another in a public discourse spoken in the presence and hearing of others: "You are a fraud.  You do not pay your debts.  You are a *thief* and a fraud," is *prima facie* actionable slander.

ERROR to the Court of Common Pleas of Hamilton county.

WILLIAMS, C. J.

The action below was for slander.  Tedtman was plaintiff and Hancock defendant.  The amended petition was in the usual form; the slanderous words which it is therein averred were spoken by the defendant of and concerning the plaintiff being:  "You (meaning the plaintiff) are a fraud.  You do not pay your debts.  You are a thief and a fraud."

The court below sustained a demurrer to this petition and no further leave to amend being asked, gave judgment for the defendant.  This is the error assigned in this court.

It is claimed in behalf of the defendant in error that, although to call a man a "thief," is *per se* actionable; yet if it appear, taking the whole discourse together, and the circumstances under which it was spoken, the words were not intended to impute a crime and were not so understood by the hearers, they were not actionable.

This is substantially the rule of Brown v. Myers, 40 O. S., 99.

A "thief" is defined by Bouvier to be "one who has been guilty of larceny."

Simply to call a man a "thief" is *prima facie* actionable, as it imputes felony.  Where the word "thief" is used, the law will preserve the intent to impute a crime, unless the contrary intent is shown.    Addison on Torts, 956.

Where such contrary intent does not appear on the face of the petition, it is not demurrable; but it becomes a question of fact for the jury under proper defence, whether from the accompanying language and surrounding circumstances, the defendant did intend to impute actual theft, or with what meaning the words were spoken and understood; and if it so appear that the words were used as mere terms of abuse and not as an imputation of a crime, there is no cause of action.

9    C  C    1

In the amended petition in this case the words: "Your are a thief and a fraud" constitute an independent sentence. The context does not give to the word "thief" any other than its usual meaning. The sentence quoted is not limited or qualified in its meaning by the preceeding ones, so as to make it equivalent to, "You are a thief and a fraud *because* you do not pay your debts." It does not therefore appear on the face of the petition that the word "thief" was used in any other than its ordinary sense of imputing the crime of larceny. The petition stated a good cause of action, and it follows the court of common pleas erred in sustaining the demurrer. The judgment of the common pleas is reversed and the cause remanded, with instructions to overrule the demurrer, and for further proceedings according to law.

Nat C. McLean, for plaintiff in error.

Archer & McNeil, for defendant in error.

---

239

# EASEMENT.

[Mahoning Circuit Court, October Term, 1885.]

Laubie, Frazier and Woodbury, JJ.

\*N. Y., P. & O. R. R. Co. v. Parmelee et al.

